**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TABATHA SMITH, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AAA INTERINSURANCE EXCHANGE | : | |
| OF THE AUTOMOBILE CLUB | : | NO. 20-768 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                May 6, 2020

### I.    BACKGROUND

This case was filed because, on November 26, 2019, Defendant AAA Interinsurance Exchange of the Automobile Club ("AAA") denied Plaintiff Tabatha Smith's claim for underinsured motorist ("UIM") benefits, in reliance upon the household exclusion contained in the automobile insurance policy Plaintiff had purchased from AAA. Count two of the Complaint alleges that AAA acted in bad faith when it decided to deny Plaintiff UIM coverage. AAA has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss count two, because Plaintiff has inadequately pleaded her bad faith claim. This court finds that AAA's motion cannot be granted, because Plaintiff's allegations plausibly plead a bad faith claim; therefore, AAA should answer the complaint.

### II.    MOTION TO DISMISS STANDARD

As explained by the Third Circuit:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted). However, we disregard legal conclusions and recitals of the elements of a cause

>> of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).

### III.   BAD FAITH LAW PRINCIPLES

Count two of the complaint seeks to recover under Pennsylvania's bad faith statute, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Although the statute does not define "bad faith," the Third Circuit has predicted that the Pennsylvania Supreme Court would define the term as follows:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Wolfe v. Allstate Property & Casualty Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (quoting *Terletsky v. Prudential Property & Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To recover, the insured must prove "by clear and convincing evidence that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." Further, as relevant to the pending motion:

> [T]he focus in section 8371 claims cannot be on whether the insurer *ultimately* fulfilled its policy obligations, since if that were the case then insurers could act in bad faith throughout the entire pendency of the claim process, but avoid any liability under section 8371 by paying the claim at the end.... [T]he issue in connection with section 8371 claims is the *manner* in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim, not whether the claim is eventually paid.

*Wolfe*, 790 F.3d at 498-99 (quoting *Berg v. Nationwide Mut. Ins. Co.*, 44 A.3d 1164, 1178 (Pa. Super. Ct. 2012).

## IV.   DISCUSSION

Plaintiff alleges that, on September 20, 2019, she was severely injured when the third-party tortfeasor, Patrick Murphy, drove through a posted stop sign and crashed his vehicle into her motorcycle. Complaint ("Comp.") at [2]-[3]. Plaintiff suffered severe physical injuries, including a fractured right tibia, tight fibula, right femur and lacerated spleen; she required two surgeries. *Id.* at [3]. On November 29, 2019, Plaintiff settled her claim against Murphy for his insurance policy limits of $300,000 as well as her UIM claim with her motorcycle insurance company, Progressive, for those policy limits of $50,000. *Id.* Plaintiff alleges, that pursuant to Pennsylvania law, Progressive also was required to pay her UIM claim before invoking AAA's UIM coverage. *Id.* On the day of the accident, Plaintiff had an automobile policy with AAA which insured five vehicles, with stacked[1] UIM coverage that totaled $1,250,000. *Id.* at [4]. On November 26, 2019, AAA denied Plaintiff's claim for UIM benefits, citing the household vehicle exclusion provision in its insurance policy. *Id*. & Exhibit ("Pl. Ex.") B at 3. AAA's denial letter indicates that Plaintiff asserted her UIM claim on November 15, 2019. Pl. Ex. B at 3.

AAA asserts that count two should be dismissed, because Plaintiff has failed to allege

---

[1] Stacking "refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." *Gallagher v. GEICO Indemnity Co.*, 201 A.3d 131, 132 n.1 (Pa. 2019).

3

sufficient facts to state a plausible bad faith claim.  Mot. to Dismiss at 2-12.  As explained below, this court disagrees.

Plaintiff alleges that she suffered severe physical injuries as a result of Murphy's negligence.  Prior to filing this lawsuit, both Murphy's insurance company's policy limits and her motorcycle insurance company's UIM policy limits had been paid as partial compensation for her injuries.  AAA denied Plaintiff's UIM claim a mere 11 days after she submitted it, without disputing the extent or fair value of Plaintiff's injuries.  Furthermore, since AAA denied the claim before Plaintiff had settled with Murphy's insurance company and her motorcycle insurance company, it could not have appropriately determined that she had already been fully compensated for her injuries.  Instead, AAA solely relied upon the household vehicle exclusion clause contained in its policy with Plaintiff to deny her UIM claim.  As explained below, that justification was barred by Pennsylvania law.  Plaintiff further alleged that AAA never examined her or obtained any of its own medical documentation to determine the extent of her injuries and their ongoing sequelae, if any.  This omission coupled with AAA's reliance on an illegal ground to deny Plaintiff's claim, could plausibly demonstrate the requisite bad faith.

AAA's stated reason for denying Plaintiff's UIM claim violated Pennsylvania law.  As Plaintiff correctly notes, in *Gallagher v. GEICO Indemnity, Co.*, 201 A.3d 131 (Pa. 2019), the Pennsylvania Supreme Court held that household vehicle exclusion clauses, like the one AAA had in its policy with Plaintiff and relied upon to deny her UIM claim, violated § 1738 of Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"); hence, such clauses are unenforceable, as a matter of law, to deny UIM claims.  *Gallagher*, 201 A.2d at 138.  *Gallagher* had been decided on January 23, 2019, more than 10 months before AAA denied Plaintiff's UIM claim.  AAA was fully aware of *Gallagher*'s holding, because Plaintiff's attorney actually cited it

4

when he presented the UIM claim to AAA on Plaintiff's behalf.  Pl. Ex. B at 3.  Although AAA conceded that *Gallagher* had been decided, it, nevertheless, denied Plaintiff's UIM claim, stating that "the holding in *Gallagher* is limited to its unique facts – facts which are not present here – and does not impact the validity or effect of the household vehicle exclusion to Mr. [sic] Smith's claim for UIM benefits under the AAA policy."  *Id.*

AAA's explanation is patently false.  The Pennsylvania Supreme Court did not restrict its holding to the *Gallagher* fact pattern.  Contrary to AAA's assertion, the Pennsylvania Supreme Court explained that the household vehicle exclusion in *Gallagher* was common in the insurance industry and was being used by insurance companies as a pretext to avoid stacking UIM coverage.  *Gallagher*, 201 A.2d at 138.  The court stated that "we hold that the household vehicle exclusion violates the MVFRL; therefore, these exclusions are unenforceable as matter of law."  *Id.*  The Pennsylvania Supreme Court clearly intended its holding to have broad, not limited, application.

Furthermore, it can be inferred that:  (1)  AAA did not know how much compensation Plaintiff would receive from the other insurance companies, and (2) AAA made no effort to place a value on Plaintiff's case.  Consequently, it can be inferred that, at the time AAA denied Plaintiff's UIM claim, it could not determine if Plaintiff had already been fairly compensated, or if she was entitled to more compensation.  The bases for this conclusion are:  (1) Plaintiff's allegation that AAA neither sent her to be examined by a physician, nor produced any contrary medical documentation, Comp. at [5], (2) the short period of time, only 11 days, between Plaintiff submitting her claim and AAA denying it, and (3) the fact that Plaintiff had not yet settled with Murphy's or her motorcycle insurance companies.  Plaintiff would know if AAA had sent her to a doctor it selected, hence, the court accepts that allegation as true.  Moreover, within the 11 days it took AAA to deny her claim, it is highly improbable that the insurer hired a doctor to review her

5

claim and provide advice to reject it. When it denied Plaintiff's UIM claim, AAA did not assert – nor did it have a basis to assert – that it believed Plaintiff's claim had already been fully compensated. AAA's denial of Plaintiff's claim was based solely upon a patently false statement of Pennsylvania law, hence, it is plausible that a jury could find AAA's decision frivolous and issued in bad faith. *See Wolfe*, 790 F.3d at 498 (citing *Terletsky*, 690 A.2d at 688). Furthermore, since it can be inferred that AAA made no effort to value the case, it is plausible that AAA violated its duty of good faith and to deal fairly with Plaintiff, its insured. *See id.* Therefore, the motion to dismiss is denied and AAA shall answer the Complaint.[2]

    An implementing Order follows.

---

[2] In its brief in support of its motion, Defendant cites a number of district court cases, arguing that they support dismissing Plaintiff's bad faith claim. Toward the end of its brief, Defendant suggests that two cases from this district, *Hwang v. State Farm Motor Auto. Ins. Co.*, Civ. A. No. 19-927, 2019 WL 1765938 (E.D. Pa. Apr. 22, 2019) and *Soldrich v. State Farm Fire & Cas. Co.*, Civ. A. No. 15-1438, 2015 WL 7568442 (E.D. Pa. Nov. 25 2015), particularly support dismissal of Plaintiff's bad faith claim. *See* Def.'s Br. at 11. *Hwang* and *Soldrich* are not analogous to this case. In *Hwang*, the insurer did not deny its insured's UIM claim by falsely asserting that *Gallagher* did not apply to invalidate the household vehicle exclusion. Instead, the insurer considered the insured's UIM claim for one month and then made an offer to settle. 2019 WL 1755938, at *3. That did not happen in this case. *Soldrich* did not involve a UIM claim at all but, rather, the collapse of the insured's three residential properties, and it predated *Gallagher*. 2015 WL 7568442, at *1. Hence, there was no possibility that Sodrich's insurer falsely stated the impact of *Gallagher*.